UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────X

J.B.1., individually and on behalf of J.B.,

      *Plaintiffs,*　　　　　　　　　　Case No.

    v.　　　　　　　　　　　　　　　　**COMPLAINT**

NEW YORK CITY DEPARTMENT OF EDUCATION,

      *Defendant.*
───────────────────────────────────────────X

    Plaintiffs, by their attorney, Michele Kule-Korgood of Kule-Korgood & Assoc., P.C., respectfully move this Court for an award of attorneys' fees associated with their prosecution of an impartial hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3)(B). Plaintiffs, for their complaint, set forth and hereby allege that:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").

2. At all relevant times during the 2016-2017 and 2017-2018 school years herein mentioned, the Plaintiffs resided with J.B. within the New York City Department of Education school district in the County of Kings, State of New York.

3. At all times herein mentioned, J.B. was a child with a disability as defined by IDEA, 20 U.S.C. §1401(3)(A).

4. J.B. is an individual with a disability as defined by Section 504, 29 U.S.C. § 794.

5. J.B.1. is the parent of J.B. as defined by IDEA 20 U.S.C. §1401(23).

1

6. Defendant New York City Department of Education is a local educational agency ("LEA") as defined by IDEA 20 U.S.C. §1401(19), and, as such, was obligated to provide educational and related programs and services to its student in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder. The NYC DOE is a recipient of federal assistance. The NYC DOE is a branch of the principal government in New York City, with its principal place of business at 52 Chambers Street, New York, New York, 10007.

## JURISDICTION AND VENUE

7. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of the IDEA, 20 U.S.C. §1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy, and upon Section 504, 29 U.S.C. § 794.

8. Venue is properly predicated upon 28 U.S.C. §1391(b)(1) for this Court.

## STATUTORY AND REGULATORY FRAMEWORK

9. The IDEA seeks to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d)(1)(A). To this end, local educational agencies must annually develop an "individualized education program" ("IEP") designed to address each child's unique needs. 20 U.S.C. §§ 1412(a)(4) and 1414(d)(2)(A). "A parent or

school district may file a due process complaint with respect to any matter relating to the identification, evaluation or educational placement of a student with a disability, or a student suspected of having a disability, or the provision of a free appropriate public education to such student." 8 NYCRR §200.5(i)(1) *See* also 20 U.S.C. § 1415(B)(6)(a). Parents who are the "prevailing party" in an impartial hearing or its appeal are entitled to payment of their reasonable legal fees pursuant to 20 U.S.C. Section § 1415(i)(3)(B).

## FACTUAL BACKGROUND

10. On April 30, 2018, plaintiffs J.B.1. initiated an impartial due process hearing on behalf of their child J.B. by filing a Due Process Complaint, alleging denial of a free appropriate public education ("FAPE") under the IDEA and Section 504 and seeking various relief.

11. This case was assigned Impartial Hearing Office Case Number 173255.

12. Brad Rosken, Esq., a New York State Certified Impartial Hearing Officer ("IHO"), was appointed by Defendant to serve as the Impartial Hearing Officer in this matter.

13. An impartial due process hearing was held for J.B.1. and J.B. on multiple dates as follows: October 18, 2018 and January 23, 2019.

14. On March 26, 2019, the New York City Department of Education's Impartial Hearing Office issued IHO Rosken's Finding of Facts and Decision in favor of the parent, finding that Defendants had failed to demonstrate that they provided J.B. a free, appropriate public education and awarding relief including compensatory education services to be provided individual (1:1) at home for 2,940 hours of ABA SETSS at a rate of $165 per hour; 252 hours of BCBA supervision at a rate of $150 per hour; 252 hours of ABA Parent Counseling and Training at a rate of $150 per hour; 252 hours of Speech/Language Therapy at a rate of $150 per hour, and 110 hours of Physical Therapy

at a rate of $150 per hour. The Department of Education was also directed to provide compensation for the ABA SETSS provided to J.B. by Mr. Geiger from September 1, 2017 through June 30, 2018. (A copy of the Impartial Hearing Officer's Findings of Fact and Decision is annexed hereto as Exhibit A.)

## FIRST CAUSE OF ACTION

15. Plaintiffs repeat and reallege paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.
16. Plaintiff J.B.1. initiated an impartial hearing on behalf of J.B.
17. Plaintiff J.B.1. prevailed at the impartial hearing by obtaining a Finding of Facts and Decision from the IHO that ordered the relief demanded in Plaintiff's due process complaint.
18. Plaintiff J.B.1., by reason of the foregoing, have obtained substantial relief, and they are the "prevailing party" entitled to payment of their reasonable legal fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

## SECOND CAUSE OF ACTION

19. Plaintiffs repeat and reallege paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.
20. Section 504 and its implementing regulations provide that "no otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); *see also* 34 C.F.R. § 104.4(a).

4

21. Defendant NYC DOE receives federal funding and is therefore subject to the obligations of Section 504.

22. J.B. is an individual with a disability as defined by Section 504.

23. Plaintiff filed the Due Process Complaint pursuant to Section 504 because of the Defendant's failure to provide J.B. a FAPE.

24. The due process hearing resulted in an order granting the relief that Plaintiffs sought at the hearing.

25. Plaintiff is a prevailing party for purposes of the fee-shifting provisions of Section 504.

26. As a prevailing party, Plaintiff is entitled to an award of reasonable attorneys' fees and costs associated with enforcing their child's rights under Section 504; such fees and costs include, but are not limited to, the fees and costs associated with enforcing the obligation of the NYC DOE to not discriminate against students with disabilities and to pay attorneys' fees and costs to Plaintiff.

WHEREFORE, plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Accept and review the administrative record as necessary and appropriate;

(3) Take such additional evidence as it determines as necessary and proper;

(4) Award to Plaintiff J.B.1. their costs, expenses, and attorneys' fees for the administrative proceedings in the matter of J.B. (Impartial Hearing # 173255) pursuant to 20 U.S.C. § 1415 and Section 504;

(5) Award to the plaintiff's costs, expenses, and attorney's fees of this action pursuant to 20 U.S.C. § 1415 and Section 504; and

(6) Grant such other relief as the Court deems just and proper.

Dated: Queens, New York
       March 18, 2022

        Respectfully submitted,

        s/ Michele Kule-Korgood
        KULE-KORGOOD & ASSOCIATES, P.C.
        Michele Kule-Korgood
        118-35 Queens Boulevard, 17th floor
        Forest Hills, New York 11375
        Tel: (718) 261-0181
        Fax: (718) 268-2633
        *Attorneys for Plaintiff*